IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JULIE LONG, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BOSTON MUTUAL LIFE INS. CO., )<br>    Defendant ) | Case No. 4:12-cv-01434-FJG |

## ORDER

Currently pending before the Court is Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 9) and Motion to Remand (Doc. No. 10).

### I.  Background

Plaintiff Julie Long filed a petition in state court on October 30, 2012 alleging two counts of vexatious refusal to pay life insurance proceeds under Mo. Rev. Stat. § 375.420 and Mo. Rev. Stat. § 375.296 against defendant Boston Mutual Life Ins. Co. (Doc. No. 1). The action was removed to this Court based on diversity jurisdiction on December 7, 2012. (Doc. No. 1). Plaintiff's complaint stems from an assertion that Peter McKee, acting as an agent for Defendant, was negligent in transcribing the Plaintiff's husband's medical conditions on an application for life insurance resulting in Plaintiff's claim on the life insurance policy being denied. (Doc. No. 1).

On December 31, 2012, Plaintiff filed the pending Motion for Leave to Amend Complaint seeking to join Peter McKee and Children's Mercy Hospital as defendants to the action. (Doc. No. 9). Plaintiff asserts a negligence claim against proposed defendant McKee and a negligence claim on a theory of respondeat superior against

proposed defendant Children's Mercy. (Doc. No. 9). Joinder of Children's Mercy would defeat diversity jurisdiction, so Plaintiff contemporaneously filed the pending Motion to Remand. (Doc. No. 10).

## II.     Standard of Review

Rule 20(a) imposes two requirements for the joinder of parties: (1) a right to relief must be asserted against the defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action. Fed. R. Civ. P. 20(a)(2) (2013). Once the requirements of Rule 20(a) are met and where joinder of a nondiverse party would defeat diversity jurisdiction, the district court has discretion whether to permit joinder. Holman v. State Farm General Ins. Co., No. 90-4205-cv, 1991 WL 219425, at *3 (W.D. Mo. Oct. 9, 1991). The court may deny joinder, or permit joinder and remand the action to the State court. Bailey v. Bayer CropScience L.P., 563 F.3d 302, 308 (8th Cir. 2009).

## II.     Discussion

In this case, the Rule 20(a) requirements are satisfied as to both Children's Mercy Hospital and Peter McKee. The Court will immediately turn to whether it will permit joinder of Children's Mercy Hospital and Peter McKee. See Holman v. State Farm General Ins. Co., No. 90-4205-cv, 1991 WL 219425, at *3 (W.D. Mo. Oct. 9, 1991). When faced with an amended complaint naming a new defendant that would defeat diversity, the district court should scrutinize the amendment more closely than an ordinary amendment. Bailey, 563 F.3d at 309. The courts have applied a three-part balancing test in determining whether to allow joinder: The court is to consider (1) the

extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, and (3) whether the plaintiff will be significantly injured if amendment is not allowed. Id. (quoting Le Duc v. Bujake, 777 F.Supp. 10, 12 (E.D. Mo. 1991)).

Because joining Peter McKee as a defendant would not defeat diversity, joinder of Peter McKee as a defendant will be allowed. However, joinder of Children's Mercy as a defendant would defeat diversity and require remand. While Plaintiff asserts that McKee was an employee of Children's Mercy, McKee has sworn in an affidavit that he was not employed by Children's Mercy at any time. (Doc. No. 13). Therefore, Children's Mercy could not be liable for his actions under an employer/employee respondeat superior theory. In reply, Plaintiff indicates that perhaps McKee is an agent of Children's Mercy and discovery could flesh that out; however, Plaintiff's proposed Amended Complaint pleads only that McKee is employed by Children's Mercy, not that he may be an agent of Children's Mercy. (Doc. No. 9, Exhibit 1). It is apparent that plaintiff is seeking to join Children's Mercy only to defeat diversity jurisdiction. Additionally, both McKee and Children's Mercy were known to the Plaintiff before she filed suit; Plaintiff only sought to join them as defendants when the case was removed to federal court, another indication that joinder was sought to defeat diversity jurisdiction.

This Court also finds it significant that Plaintiff filed her Motion for Leave to Amend Complaint and Motion to Remand on the same day. In Bailey, the plaintiff filed a motion to remand less than a month after the joinder order, suggesting to the court that he was aware of the jurisdictional issues and sought joinder primarily to defeat diversity jurisdiction. Bailey, 563 F.3d at 309. In this case, Plaintiff's contemporaneous

3

filing of her Motion to Remand and Motion for Leave to Amend Complaint evidences that Plaintiff is clearly aware of the jurisdictional issues. While requiring Plaintiff to proceed against Children's Mercy separately in state court (if she so desires) may lead to duplication of efforts, this is not sufficient to rise to the level of significant injury to the Plaintiff. Therefore, for the foregoing reasons, the Court finds that the relevant factors weigh in favor of denying leave to add the nondiverse party. <u>Bailey v. Bayer CropScience L.P.</u>, 563 F.3d 302, 308-09 (8th Cir. 2009).

### III. Conclusion

For all the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 9) is **GRANTED IN PART** as to joinder of Peter McKee and **DENIED IN PART** as to joinder of Children's Mercy Hospital. Plaintiff's Motion to Remand (Doc. No. 10) is **DENIED.** Plaintiff shall file her amended complaint (joining claims against Peter McKee only) on ECF within **THREE DAYS** of the date of this Order.

**IT IS SO ORDERED.**

Date: April 26, 2013         /s/ Fernando J. Gaitan, Jr.
Kansas City, Missouri        Fernando J. Gaitan, Jr.
                                             Chief United States District Judge

4

Case 4:12-cv-01434-FJG   Document 28   Filed 04/26/13   Page 4 of 4